IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. PATTERSON, et al.,<br><br>　　　　Defendants. | No. 2:21-CV-2396-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to disqualify the undersigned. See ECF No. 13.

Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the primary case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may

prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

Here, Plaintiff's motion expresses displeasure with the Court's June 15, 2022, screening order.  See ECF No. 13.  Because Plaintiff does not state facts which indicate bias or prejudice stemming from an extrajudicial source, Plaintiff has not made a showing for disqualification.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for disqualification, ECF No. 13, is denied.

Dated:  August 16, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2